1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DELORES BARTAL, et al., | Case No.: 5: 12-cv-02548 (PSG) RMW |
| Plaintiff, | ORDER GRANTING MOTION TO REMAND |
| v. | |
| ASTRAZENECA PHARMACEUTICALS LP; ASTRAZENECA, LP; MCKESSON CORPORATION, and DOES 1-50., | **[Re Docket No. 16]** |
| Defendants. | |

Plaintiffs move to remand this case to Santa Clara County Superior Court, arguing that the court lacks subject matter jurisdiction because of the absence of complete diversity of citizenship. Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively "AstraZeneca") oppose the motion. Defendant McKesson Corporation ("McKesson") has not filed a response. For the reasons set forth below, the court grants plaintiffs' motion to remand.

## I.  BACKGROUND

On April 17, 2012, plaintiffs commenced this action in Santa Clara County Superior Court, alleging state law causes of action against AstraZeneca and McKesson (collectively "defendants") for (1) strict products liability; (2) negligence; (3) breach of express warranty; (4) breach of implied warranty; (5) fraud; (6) fraudulent concealment; and (7) loss of consortium. Dkt. No. 1-1 (Compl.) ¶¶ 42-78. The six plaintiffs are residents of California, Arizona, Washington, and Puerto Rico. *Id.* ¶¶ 1-5. AstraZeneca is a Delaware corporation, with its principal place of business in that state. *Id.*

1

United States District Court
For the Northern District of California

1   ¶ 6.  McKesson is also incorporated in Delaware, but has its principal place of business in

2   California.  *Id.* ¶ 7.

3       Plaintiffs' claims arise from their ingestion of Crestor, a cholesterol lowering medication

4   manufactured by AstraZeneca and allegedly distributed by McKesson, which plaintiffs assert

5   caused various serious health problems.  *Id.* ¶¶ 14-17.  Plaintiffs allege that, in addition to

6   distribution, McKesson also participated in Crestor's marketing and promotion, intentionally and

7   negligently misrepresenting the severity and scope of the drug's adverse effects.  *Id.* ¶¶ 16-24; *see*

8   *also* Dkt. No. 16 at 2:8-4:3.

9       AstraZeneca removed the action to this court on May 17, 2012, asserting diversity

10  jurisdiction under 28 U.S.C. § 1332.  Dkt. No 1 ¶ 3.  In its notice of remand, AstraZeneca conceded

11  that McKesson is a California-based corporation, but contended that it was fraudulently joined.

12  Accordingly, AstraZeneca maintains that there is complete diversity of citizenship and federal

13  jurisdiction is proper.  *Id.* ¶ 7.

14                                  **II.  ANALYSIS**

15      A defendant can remove any civil action from state court if the federal courts would have

16  original jurisdiction over the matter.  28 U.S.C. § 1441.  However, "to protect the jurisdiction of

17  state courts, removal jurisdiction is strictly construed in favor of remand."  *Harris v. Bankers Life*

18  *and Cas. Co.,* 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313

19  U.S. 100, 108-09 (1941)).  Because "any doubt as to the right of removal must be resolved in favor

20  of remand," *Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010)

21  (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)), if it appears a case was improperly

22  removed, the district court is required to remand the action to state court.  "This strong presumption

23  against removal jurisdiction means that the defendant always has the burden of establishing that

24  removal is proper."  *Id.* (citation omitted).

25      When removal is based on diversity jurisdiction, as it is here, the court must exclude any

26  fraudulently joined defendants from its determination of whether diversity exists.  *McCabe v.*

27  *General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987).  A defendant is fraudulently joined "[i]f

28  the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious

2

1    according to the settled rules of the state." *Id.*  In the Ninth Circuit, failure to state a claim is

2    "obvious" if, "after all disputed questions of fact and all ambiguities in the controlling state law are

3    resolved in the plaintiff's favor, the plaintiff *could not possibly* recover against the party whose

4    joinder is questioned." *Nasrawi*, 713 F. Supp. 2d at 1084-85 (citing *Kruso v. Int'l Tel. & Tel. Corp.*,

5    872 F.2d 1416, 1426 (9th Cir. 1989)) (emphasis added).

6         AstraZeneca asserts that McKesson was fraudulently joined because plaintiffs rely solely on

7    "'information and belief'" in alleging that McKesson distributed the Crestor they ingested.  Dkt. No.

8    1 ¶ 15.  AstraZeneca notes that thirty-five other entities also distributed Crestor during the time in

9    question, and "plaintiffs provide no factual support for their implausible allegation that McKesson,

10   one of these thirty-six distributors of Crestor, distributed the Crestor ingested by each and every one

11   of the five personal injury Plaintiffs to this action." *Id.* ¶ 19.  AstraZeneca concludes that, given the

12   possibility that plaintiffs could have purchased Crestor from a distributor other than McKesson,

13   McKesson is not a proper defendant.

14        However, plaintiffs allege that McKesson is "the largest pharmaceutical distributor in North

15   America, distributing one-third of the medications used daily in North America."  Compl. ¶ 7.

16   Additionally, plaintiffs contend that McKesson is "fully injected into the marketing, distributing,

17   testing, and patient-contacting aspects of the pharmaceutical world."  Dkt. No. 16 at 2:8-9.  While

18   these assertions do not conclusively demonstrate that McKesson distributed the specific Crestor

19   plaintiffs ingested or participated in the marketing or testing that ultimately caused plaintiffs' injury,

20   AstraZeneca fails to provide any evidence that would unequivocally exclude these possibilities.[1]  As

21   the court cannot conclude that it is "obvious" that plaintiffs will be unable to recover against

22   McKesson, the court finds that McKesson is not fraudulently joined.

23        The court's conclusion is supported by the decisions of the federal courts in the Central,

24   Eastern, and Southern Districts of California.  Other plaintiffs in those districts filed identical claims

25   _____

26        [1] AstraZeneca notes that McKesson only distributed to Veterans Affairs hospitals in Puerto
     Rico (where plaintiff Rodriguez-Rivera is domiciled) and asserts that "there is no allegation that Ms.
27   Rodriguez-Rivera obtained Crestor from a VA facility."  Dkt. No 1 ¶ 20.  However, AstraZeneca
     does not provide evidence showing that Ms. Rodriguez-Rivera *did not* obtain Crestor from a VA
28   facility and, thus, fails to eliminate this possibility.

Case No.: 5: 12-cv-02548 (PSG) RMW
ORDER GRANTING MOTION TO REMAND

United States District Court
For the Northern District of California

1   against AstraZeneca and McKesson, and each court found that McKesson was not fraudulently

2   joined and granted the plaintiffs' motions to remand.  *See Rivera v. AstraZeneca Pharmaceuticals*

3   *LP*, CV 12-02921 GAF JEMX, 2012 WL 2031348 (C.D. Cal. June 5, 2012); *Mendez v. AstraZeneca*

4   *Pharmaceuticals LP*, 1-12-CV-00535-LJO, 2012 WL 1911382 (E.D. Cal. May 25, 2012); *Norris v.*

5   *AstraZeneca Pharmaceuticals LP*, 12CV0836 JM BLM, 2012 WL 1944760 (S.D. Cal. May 30,

6   2012).

7          AstraZeneca also argues that, under *Bockrath v. Aldrich Chem. Co., Inc.*, 21 Cal. 4th 71, 81-

8   83 (1999), because plaintiffs are uncertain of the identity of the distributor, they are required to

9   name Doe defendants instead of asserting claims against McKesson on "information and belief."

10  Dkt. No 1 ¶ 17.  AstraZeneca reads *Bockrath* too broadly.  The plaintiff in *Bockrath* brought an

11  action against fifty-five defendants, claiming that the combined long-term exposure to these

12  defendants' products caused him to develop cancer.  *Id.* at 77.  The California Supreme Court

13  indicated that "if plaintiffs do not have a sufficient basis to allege that a particular internalized

14  injury-causing toxin was manufactured or supplied by a specific person or entity, their complaints

15  must name Doe defendants."  *Id.* at 81 (citing Cal. Code Civ. Proc. § 474).  However, the court went

16  on to state that naming Doe defendants pursuant to section 474 was only appropriate if "plaintiff

17  [was] ignorant of the identities of those who allegedly caused him to contract multiple myeloma."

18  *Id.* at 83.  The court explained that the purpose of section 474 was to protect plaintiffs "against the

19  statute of limitations until they [could] identify the defendants and name them by their true names."

20  *Id.* at 81.

21         Here, plaintiffs were fully aware of McKesson's identity and potential involvement from the

22  outset and so had no need to avail themselves of the protection afforded by section 474.  Further,

23  given that plaintiffs allege that McKesson is the largest pharmaceutical distributor in North America

24  and AstraZeneca does not offer any evidence that McKesson did not distribute the Crestor plaintiffs

25  ingested, plaintiffs have a "sufficient basis" to name McKesson as a defendant.  *See Id.* at 82

26  (defining a sufficient basis as a "well-founded belief" based on evidence that "has been or is likely

27  to be found)"; *see also* Cal. Code Civ. Proc. § 128.7 (requiring that allegations in the pleading, "to

28  the best of the person's knowledge, information, and belief…have evidentiary support or, if

4

specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery").  In addition, plaintiffs contend that McKesson was involved in the marketing and promotion of Crestor and, therefore, is liable even if it did not distribute the particular Crestor plaintiffs took.  Thus, it was proper for plaintiffs to join McKesson by name rather than as an additional Doe defendant.

### III. ORDER

For the foregoing reasons, the court grants plaintiffs' motion to remand to Santa Clara County Superior Court.

**IT IS SO ORDERED.**


Dated: August 3, 2012



RONALD M. WHYTE
United States District Judge